## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

IN RE:      ETHICON, INC.,
            PELVIC REPAIR SYSTEM
            PRODUCTS LIABILITY LITIGATION            MDL No. 2327

THIS DOCUMENT RELATES TO:

*Toland v. Ethicon, Inc., et al.*                    Civil Action No. 2:14-cv-30203

### MEMORANDUM OPINION AND ORDER

Pending before the court is a Motion to Dismiss with Prejudice filed by Ethicon, Inc., and Johnson & Johnson (collectively "Ethicon"). [ECF No. 10]. Plaintiff has responded, Ethicon has replied, and I have considered the parties' filings. For the reasons stated below, Ethicon's Motion to Dismiss with Prejudice is **DENIED**.

### I.      Background

Ethicon's Motion arises from this court's Order [ECF No. 9], entered on October 5, 2015, denying Ethicon's Motion for Sanctions, including monetary penalties, dismissal, and any other sanction deemed appropriate by the court, for failure to file a Plaintiff Profile Form ("PPF") in compliance with Pretrial Order # 17.  In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. (*See* Order [ECF No. 9], at 4–6 (applying the *Wilson* factors to Ms. Toland's case)).[1]

---

[1] The *Wilson* factors are as follows:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Concluding that the first three factors weighed in favor of sanctions as requested by Ethicon, I nevertheless declined to award the requested sanction of $100 for each day the plaintiff's PPF was late because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff "a final chance to comply with discovery." (*Id.* at 6). I afforded her 30 business days from the entry of the Order to submit to Ethicon a completed PPF, with the caveat that a failure to do so "will result in dismissal with prejudice upon motion by the defendant." (*Id.* at 7). The plaintiff missed this deadline.

The plaintiff's attorney provide a lengthy explanation that neither Ms. Toland nor her attorneys were aware that this case was still pending. ([ECF No. 14], at 1-2). The attorneys had inadvertently filed this case twice and received two cause numbers. (*Id*. at 1). In June, the plaintiff's attorney filed a Notice of Voluntary Dismissal in the duplicate case and that case was dismissed without prejudice. (*Id.* at 2). The instant case lingered until Ethicon moved for sanctions for failure to provide the PPF, when the plaintiff's attorney realized his mistake. (*Id*.). The court then entered the above described order, giving the plaintiff 30 days to file her PPF. The plaintiff's counsel alleges that staff turnover led to the order being mislabeled and inadvertently ignored. (*Id*. at 2). Once Ethicon filed the motion to dismiss with prejudice, plaintiff's counsel noticed the oversight. (*Id*.). The plaintiff's attorney filed the PPF shortly after Ethicon filed the motion to dismiss. (*Id*.). Ethicon confirmed that they received the PPF on November 30, 2015, which is 11 days past the court's prescribed deadline. [ECF No. 16].

---

*Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

## II.      Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides that a court may issue "just orders" when a party fails to provide or permit discovery. Fed. R. Civ. P. 37(b)(2)(A). In the MDL world, this authority is particularly significant. An MDL judge bears the "enormous" task of "mov[ing] thousands of cases toward resolution on the merits while at the same time respecting their individuality," and to carry out this task in a smooth and efficient manner, the judge must establish and, more importantly, enforce rules for discovery. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006). Rule 37(b)(2) supplies the tool for this enforcement, allowing a judge to impose sanctions when a party fails to comply with the court's discovery orders. *See id.* at 1232 ("[A] willingness to resort to sanctions, sua sponte if necessary, may ensure compliance with the [discovery] management program." (internal citation omitted)); *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively.").

## III.     Discussion

The first three of the previously mentioned *Wilson* factors demonstrate that this court is justified in sanctioning the plaintiff. The fourth of the *Wilson* factors, which is to consider the effectiveness of lesser sanctions, however, assists the plaintiff. Ms. Toland's attorneys repeatedly state in their opposition to the defendants' motion to dismiss that Ms. Toland herself is "blameless" in the delay in producing the PPF. ([ECF No. 14] at 7). They state that she promptly returned her PPF to the law firm once they contacted her. (*Id.* at 8). Here, it would be "blameless" Ms. Toland who would suffer the most from the dismissal of her case. Therefore, in this unique instance, the court finds that dismissing this case with prejudice is not the most effective or appropriate sanction.

The circumstances of this case lead me to impose the sanction provided in Rule 37(b)(2)(C), which requires the disobeying party to pay "the reasonable expenses, including attorney's fees, caused by the [discovery] failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The plaintiff's attorney has explained the oversight, but has not provided substantial justification for the failure to timely submit to discovery. Furthermore, there are no circumstances that make this sanction unjust. Although the discovery violation has since been cured, it nevertheless resulted in litigation expenses for Ethicon. Applying Rule 37(b)(2)(C) ensures that the disobeying party, rather than the innocent party, bears those costs.

Specifically, to bring this Motion for Sanctions, Ethicon expended time and money identifying Ms. Toland as one of the non-compliant plaintiffs; assessing the effect of her discovery violations; drafting two separate motions for sanctions; serving those motions; and replying to the plaintiff's briefs in opposition. All knowledgeable MDL counsel would consider these efforts, which could have been avoided had the plaintiff followed the court's order, to be worth $1000 at the least. Based on my understanding of the economic and administrative realities of multidistrict litigation, I conclude that a minimal valuation of Ethicon's expenses is $1000.

The court expects that counsel will be more diligent in the future and that such circumstances will not again present themselves. This court has also been forced to expend its limited resources responding directly to this case, which is particularly burdensome when Ethicon has represented that there are more than 800 plaintiffs who failed to supply Ethicon with a timely PPF. For the court to direct its time and resources to noncompliant plaintiffs is at the expense of other plaintiffs in this MDL. This court will continue to impose monetary sanctions and/or dismiss cases when plaintiffs and their attorneys disregard this court's orders.

IV.     Conclusion

It is therefore **ORDERED** that the plaintiff has **30 business days** from the entry of this Order to pay Ethicon **$1000** as minimal partial compensation for the reasonable expenses caused by the plaintiff's attorney's failure to comply with discovery.[2] In the event that the plaintiff's attorney does not provide adequate or timely payment, the court will consider ordering a show-cause hearing in Charleston, West Virginia, upon motion by the defendants. Finally, it is **ORDERED** that plaintiff's counsel send a copy of this Order to the plaintiff via certified mail, return receipt requested, and file a copy of the receipt.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 17, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[2] The court directs Ethicon to communicate with plaintiffs' leadership regarding payment instructions.